E-FILED
Wednesday, 24 November, 2010 05:50:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) TRAVOR BETTIS, ) ) Defendant. ) | Case No. 10-30012 |

SENTENCING OPINION

RICHARD MILLS, U.S. District Judge:

The Court held Defendant Trevor Bettis' sentencing hearing on November 23, 2010. Following the imposition of the sentence, there was some discussion regarding the Court's denial of the Defendant's motion pursuant to U.S. Sentencing Guidelines Manual § 5K2.0. The Court takes this opportunity to clarify the basis for that ruling.

## I.

The Defendant's argument regarding U.S. Sentencing Guidelines Manual § 5K2.0 raised at the sentencing hearing was also discussed in his Commentary as to Presentence Factors [d/e 17]. The Defendant argued that a downward departure may be warranted under U.S. Sentencing Guidelines Manual § 5K2.0(2)(A).

The Defendant acknowledged that his plea of guilty to Count 2 of the Indictment[1] gives rise to a mandatory five year term of imprisonment. However, the Defendant argued that the guidelines fail to consider that the weapons were not utilized or fired during the drug crimes. The Defendant stated that a downward departure was warranted under U.S. Sentencing Guidelines Manual § 5K2.0(2)(A) and 18 U.S.C. § 3553(b).

## II.

The Government challenged this assertion prior to the sentencing hearing. *See* Government's Response to Defendant's

---

[1] Count 2 alleged possession of firearms in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Commentary as to Presentence Factors [d/e 18], 2-3. The Government stated that the five year consecutive sentence is required by statute, and that under U.S. Sentencing Guidelines Manual § 2K2.4, the guideline range for the offense is five years. *See* Government's Response [d/e 18], 2-3. Finally, the Government stated that there is no authority to depart below the statutory mandatory minimum sentence, except as provided at 18 U.S.C. § 3553(e). *See* Government's Response [d/e 18], 3.

### III.

The Court agrees with Government's position – in aces, spades and trumps. The Defendant's argument is without merit, and thus it was rejected out of hand.

The U.S. Court of Appeals for the Seventh Circuit has long held that U.S. Sentencing Guidelines Manual § 5K2.0 cannot be used to depart below a mandatory minimum sentence. *See United States v. Brigham*, 977 F.2d 317, 320 (7th Cir. 1992).

In *Brigham*, the Seventh Circuit held the following:

> All that remains is Brigham's argument that the judge should have invoked U.S.S.G. § 5K2.0 to give him a break. Section

> 5K2.0 describes appropriate departures *from the guidelines*, but Brigham needed a departure from a minimum sentence prescribed by statute. That was available only on motion of the prosecutor under § 3553(e).

977 F.2d at 320 (emphasis in original).

Other circuit courts have come to the same conclusion. *See United States v. Phillips*, 382 F.3d 489, 498 (5th Cir. 2004) ("as we have previously indicated, USSG § 5K2.0, 'in and of itself,' does not permit the district court to depart below an applicable mandatory statutory minimum sentence"); *United States v. Duncan*, 242 F.3d 940, 949 (10th Cir. 2001) ("The plain language of § 5K2.0 reveals it applies only to Guidelines sentences and cannot be utilized to depart from statutory mandatory minimum sentences.").

In this case, the Government's motion under 18 U.S.C. § 3553(e) applied to Count 1 (possession of controlled substances, with intent to distribute), and not Count 2. Therefore, pursuant to *Brigham*, the mandatory minimum with respect to Count 2 must remain in place.

## IV.

Even if the Court was authorized to depart from the mandatory minimum with respect to Count 2, the Defendant's motion would fail on the merits. The Defendant admits possession of the firearms, but he claims that the Guidelines fail to take into account the fact that he did not use or fire the firearms.

While the Guidelines may not take into account the distinction between possessing, using, and firing a firearm in the furtherance of a drug trafficking crime, the statutory scheme does.

The statute provides for increasingly harsh penalties as a defendant progresses from possessing to brandishing to firing a firearm in connection with drug trafficking crimes.

Mere possession of a firearm in furtherance of a drug trafficking crime, which the Defendant pled guilty to, results in a mandatory consecutive sentence of five years. 18 U.S.C. § 924(c)(1)(A)(i). Brandishing a firearm in furtherance of a drug trafficking crime gives rise to a mandatory consecutive sentence of seven years. 18 U.S.C. § 924(c)(1)(A)(ii). Discharging a firearm in

furtherance of a drug trafficking crime results in a mandatory consecutive sentence of ten years.  18 U.S.C. § 924(c)(1)(A)(ii).

Therefore, even if the Court could consider the merits of the Defendant's motion, the motion would be rejected, because the statutory scheme takes into account the distinction between possessing, brandishing, and discharging a firearm in relation to drug trafficking crimes.

IT IS SO ORDERED.

ENTER:   November 24, 2010

FOR THE COURT:                                s/ *Richard Mills*
                                                                   _____
                                                                   Richard Mills
                                                                   United States District Judge